UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Aquilino TREJO,<br><br>      Plaintiff,<br><br>v.<br><br>Mike POMPEO, Secretary of Department of State; VACANT, US Ambassador to Mexico; Daria DARNELL US Consul General Ciudad Juarez, Mexico<br><br>      Defendants. | Case No.: |

## COMPLAINT

Plaintiff, Anabel Terán Trevizo, by and through his attorney, allege as follows:

## INTRODUCTION

1. This is a civil action brought by Plaintiff to request the Court grant a Writ of Mandamus to compel officers of the United States at the U.S. consulate in Ciudad Juarez, Mexico, to reconsider the denial of an immigrant visa ("visa") filed by Aquilino Trejo, a United States citizen, on behalf of his wife, Anabel Terán Trevizo. Denial of the visa: (1) is a violation of Plaintiff's right to Due Process; (2) was not done in good faith; and (3) was done when the consular officer did not have "reason to believe" Ms. Terán was inadmissible.

2. Plaintiff has no other adequate remedy other than by way of this complaint.

## JURISDICTION AND VENUE

3. Jurisdiction over this action is provided by 28 U.S.C. § 1331 and 28 U.S.C. § 1361. This Court further has jurisdiction over the instant matter pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 555(b), 702 and 706. Venue is proper in the Northern District of Texas under 28 U.S.C. §§ 1391(e). Plaintiff resides in Weatherford, Texas, which pertains to the Federal District Court of the Northern District of Texas, and the case does not involve real property.

## PARTIES

4. Plaintiff, Aquilino Trejo, is a citizen of the United States. Plaintiff married Anabel Terán Trevizo, a native of Mexico, on March 26, 2012. Ms. Terán resides in Chihuahua, Chihuahua, Mexico and plaintiff Trejo resides in Weatherford, Texas, USA. Plaintiff is an interested party because he is a United States citizen denied the Due Process right to reside with his wife as the result of the consulate did not follow proper Due Process principles.

5. Defendant Mike Pompeo is sued in his official capacity as the Secretary of the Department of State ("DOS"). In this capacity he has responsibility for the administration of granting visas pursuant to 8 U.S.C. § 1104 and routinely does and transacts business in the Northern District of Texas.

6. Defendant VACANT is sued in his/her official capacity as the US Ambassador to Mexico. In this capacity s/he has responsibility for the administration of the U.S. embassies and consulates in Mexico.

7. Defendant Daria Darnell is sued in her official capacity as US Consul General in Ciudad Juarez, Chihuahua, Mexico. In this capacity Ms. Darnell is responsible for issuing visas to applicants in Chihuahua, Mexico pursuant to 8 U.S.C. § 1201.

## STATEMENT OF FACTS

8. Plaintiff, Aquilino Trejo, is a citizen of the United States. *See* Ex. 2.

9. Plaintiff married Anabel Terán Trevizo, a native of Mexico, on March 26, 2012. *See* Ex. 1.

10. Plaintiff filed an immigrant visa petition, Form I-130, with United States Citizenship and Immigration Services ("USCIS") on behalf of his wife in accordance with 8 U.S.C. §1154(a)(1)(A). USCIS received Plaintiff's Form I-130 on September 26, 2012. *See* Ex. 2.

11. USCIS approved Plaintiff's immigration visa petition on December 17, 2012. *See* Ex. 2.

12. The beneficiary of an approved immigrant visa petition may, if other criteria are met, apply for an immigrant visa at a U.S. consulate outside the United States. 8 U.S.C. §1201(a)(1)(A).

13. Defendant US Consul General is responsible for granting visas. *See generally* 22 C.F.R. § 42.71(a).

14. "A visa can be refused only upon a ground specifically set out in the law or implementing regulations." 8 C.F.R. § 40.6.

15. "The term 'reason to believe,' as used in 8 USC § 1201(g), shall be considered to require a determination based upon facts or circumstances which would lead a reasonable person to conclude that the applicant is ineligible to receive a visa as provided in the INA and as implemented by the regulations." 22 C.F.R. § 40.6.

16. Before a visa can be denied, the consular officer must fill out certain forms and make an appropriate record. 22 C.F.R. § 42.81(b).

17. The principal consular officer must review all denials. Additionally, if new evidence is presented then the denial must be reconsidered. 22 C.F.R. § 42.81(c), (e).

18. Inadmissibility under 8 U.S.C. § 1182 (including false representations of U.S. citizenship) are grounds for denial. 8 USCS § 1201(g). But the officer first has to "determine whether a foreign national claimed to be a U.S. citizen." 8 USCIS-PM K.2(B).

19. On November 15, 2016, Plaintiff's wife appeared for an immigrant visa interview with a consular officer in Ciudad Juarez, Mexico, to complete the immigrant visa process. *See* Ex. 3.

20. The consular officer claimed to possess a document alleging Ms. Terán falsely claimed U.S. citizenship. The consular officer denied Ms. Terán an immigrant visa on this basis under 8 U.S.C. § 1182(a)(6)(C)(ii)(I). *See* Ex. 3.

21. The single-page document used by the consular officer to determine Ms.Terán falsely claimed citizenship contained information regarding a U.S. Border Patrol apprehension of Ms. Terán on April 6, 1999, along with the words "oral false claim." *See* Ex. 4.

22. There is no seperate report from the U.S. Border Patrol explaining the incident, nor the meaning of the phrase "oral false claim." The document does not detail the circumstance under which the statement was made, whether the Ms. Terán timely retracted the statement, whether the statement was made under duress, if the statement was made to obtain any purpose or immigration benefit, or if the statement was made in any other context. *See* Ex. 4.

23. If the consulate granted Ms. Terán the immigrant visa, she would be eligible admission into the United States as a lawful permanent resident.

24. Plaintiff faces real and irreparable injury if the visa is not granted immediately. Denial of a visa deprives Plaintiff of spousal companionship.

25. Ms. Terán faces permanent exclusion from the United States if the visa is not approved as there is no waiver for falsely claiming United States citizenship.

## EXHAUSTION

26. Plaintiff exhausted his administrative remedies. Plaintiff provided all the information and evidence necessary to the U.S. consulate in Ciudad Juarez for an adjudication of the immigrant visa. After the denial, Plaintiff requested the consulate review the case. Upon review, the consulate affirmed the denial. *See* Ex. 6.

27. No other remedies exist for Plaintiff.

## FIRST CLAIM OF RELIEF

(Violation of Due Process)

28. Plaintiff realleges and incorporates by reference paragraphs 1 through 26 of this Complaint as if fully stated herein.

29. In *Kleindienst v. Mandel*, the Supreme Court heard a claim challenging consular officer's visa denial. 408 U.S. 753 (1972). The plaintiffs challenged the denial under the First Amendment, and the Court began the analysis but ultimately held that if there was a "facially legitimate and bona fide reason" for the denial then they would not engage in balancing the executive's interest against the First Amendment. *Id*. at 770.

30. Following *Mandel*, the First, Second, Ninth, and D.C. Circuits have held that when a citizen raises a constitutional claim concerning a consular visa denial, the court will engage in a *Mandel* review to determine whether the denial was facially legitimate and bona fide. *See Am. Acad. of Religion v. Napolitano*, 573 F.3d 115, 125 (CA2 2009); *Bustamante v. Mukasey*, 531 F.3d 1059, 1062 (CA9 2008); *Saavedra Bruno v. Albright*, 197 F.3d 1153 (CADC 1999); *Adams v. Baker*, 909 F.2d 643 (CA1 1990). The *Bustamante* Court

specifically held a challenge based on the protected liberty interest in one's marriage qualified as a procedural due process claim. *Id*.

31. As a U.S. citizen, Plaintiff possesses a Procedural Due Process right to ensure his wife is afforded proper process and procedures. Plaintiff's wife's visa denial occurred without appropriate process and procedures. The denial was not made in good faith and the consular officer did not have a reasonable belief Ms. Terán was ineligible.

32. The consular officer violated Plaintiff's right to Due Process. Plaintiff possesses a right to make choices regarding marriage and family as recognized by the Supreme Court in *Cleveland Bd. of Educ. v. LaFleur*, 414 U.S. 632 (1974). The right to marry is a fundamental right, older than the Bill of Rights. *Obergefell v. Hodges*, 135 S. Ct. 2584, 2599 (2015). While the government does not have to guarantee couples will be together, the Supreme Court held the Government could not prevent persons detained from marrying. *Id*. at 2600 (citing *Turner v. Safley*, 482 U.S. 78, 95-96). The right to marry is so fundamental that the government should not be allowed to separate spouses without first affording the couple Procedural Due Process. Plaintiff possesses the right to have the government prove, through proper Dues Process principles, his wife is actually inadmissible.

33. In *Kerry v. Din*, the Court declined to review a consular officer's decision to deny a visa, but this decision does not bar the separation of spouses as a Due Process violation since it was a plurality opinion. *See* 135 S. Ct. 2128, 2139, 2142 (2015). In fact, Justice Breyer's dissent, arguing separated spouses possess a right to procedural Due Process, garnered the most votes of the three lines of reasoning presented. *Id*. at 2142.

34. Justices Kennedy's concurrence made clear that it did not address whether the plaintiff had a protected liberty interest in their spouse's presence, but instead joined in the judgement because it felt there had been sufficient process and thus no need to address whether such a right existed. *Id*. at 2139.

35. Unlike *Din*, Plaintiff is not asking the government to articulate a more specific reason for the denial of the visa. Instead, Plaintiff asserts the Government did not provide procedural Due Process to adjudication of the immigrant visa, the Government denied the immigrant visa in bad faith, and without a "reasonable belief" because the denial did not rely on substantial evidence.

36. Denial of the visa was made without a reasonable belief and without good faith. This is highlighted by the fact the Border Patrol document lacked corroborating details about the alleged false claim statement.

37. "Although the Federal Rules of Evidence do not apply in administrative proceedings, evidence is admissible only if it is probative and its use is fundamentally fair." *Cinapian v. Holder*, 567 F.3d 1067, 1074 (CA9 2009). In this case, the evidence was potentially probative, but it lacked any context from which it could have been given meaning. As such, its usage was fundamentally unfair, especially used by itself without the opportunity to cross-examine the reporting agent.

38. Another Ninth Circuit Court decision held, in a deportation case, only allowing an opportunity to cross-examine wasn't enough, but that the government also must timely provide the evidence to be used against the defendant. *Bondarenko v. Holder*, 733 F.3d 899, 907 (CA9 2013).

39. The Supreme Court stated "procedural due process often requires confrontation and cross-examination." *Willner v. Committee on Character & Fitness*, 373 U.S. 96, 103 (1963). "In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." *Goldberg v. Kelly*, 397 U.S. 254, 269 (1970). "[W]here governmental action seriously injures an individual, and the reasonableness of the action depends on fact findings, the evidence used to prove the Government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue." *GREENE v. McELROY*, 360 U.S. 474, 496 (1959). This is especially "important where the evidence consists of the testimony of individuals whose memory might be faulty or who, in fact, might be perjurers or persons motivated by malice, vindictiveness, intolerance, prejudice, or jealousy." *Id.*

40. The visa denial violates Due Process. The consular officer did not allow Plaintiff's wife access to examine the Border Patrol Document prior to the interview, did not allow Plaintiff and his wife to cross examine the reporting Border Patrol officer, and did not allow Plaintiff and his wife the right to provide rebuttal evidence to the Border Patrol Document.

41. The denial is unreasonable because of the questionable nature of the evidence relied upon for the denial and Plaintiffs inability to properly examine and respond to the evidence.

## SECOND CLAIM OF RELIEF

(Not Made in Good Faith)

42. Plaintiffs reallege and incorporate by reference paragraphs 1 through 26 of this Complaint as if fully stated herein.

43. There was not enough evidence present for a reasonable person to conclude that Ms. Terán was inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii). Additionally, Ms. Terán's testimony contradicts the limited evidence on which the consular officer relied.

44. While defining bona fide, Black's Law Dictionary states that part of the meaning of the term is "without fraud." (https://thelawdictionary.org/bona-fide/, last viewed on May 29, 2018). Additionally, the Wolters Kluwer Bouvier Law Dictionary notes that "A person who possesses a good faith belief has no reason to believe otherwise, in particular no notice of a claim contrary to that belief."

45. In this case, there was so little evidence presented to Ms. Terán, a reasonable person would no believe Ms. Terán to be inadmissible. The only documentation provided by the border patrol was a single page Border Patrol Report which stated the date Border Patrol apprehended Ms. Terán, the outcome of the apprehension, and a brief statement that Ms. Terán orally claimed U.S. citizenship. This report omits any specifics of the false claim to citizenship: was the claim made under duress; was the claim made voluntarily, was Ms. Terán afforded the opportunity to clarify any misunderstandings? The consular officer erred in denying the visa on account of the single page report without complete context.

46. Additionally, Ms. Terán's testimony contradicts the officer's finding. *See* Ex. 7.

47. The consular officer denied the visa while on notice of a testimony contrary to the grounds stated for denial. This points to the fact that the denial was made in bad faith.

48. This is a well-supported allegation of bad faith. *See Burris v. Kerry*, 2014 U.S. Dist. LEXIS 40557, 16 (E.D. Tex. 2014); *Gogilashvili v. Holder*, 2012 U.S. Dist. LEXIS 87832, 23 (E.D.N.Y. 2012).

## THIRD CLAIM OF RELIEF

(Misinterpretation of the Statute)

49. Plaintiffs reallege and incorporate by reference paragraphs 1 through 26 of this Complaint as if fully stated herein.

50. Consular officers can only deny a visa if they "know or have reason to believe" that an individual is ineligible under 8 USCS § 1182. 8 USCS § 1201.

51. "Reason to believe" means that a reasonable person would think that the applicant is ineligible, not that there is the slightest possibility that they are. *See Adams v. Baker*, 909 F.2d 643, 649 (CA1 1990). The *Adams* court stated that "'reasonable belief' may be formed if the evidence . . . is sufficient to justify a reasonable person in the belief that the alien falls within the proscribed category." *Adams*, 909 F.2d at 649. The Court went on to say that a question of whether there is enough evidence "to support a finding of 'reasonable belief' is a question of law which courts must resolve." *Id*.

52. The government's evidence, taken by itself, is insufficient to lead a reasonable person to believe that Ms. Terán made a false claim of U.S. citizenship.

53. Ms. Terán has presented a notarized statement declaring that she never told border officials that she was a U.S. citizen. Her statement is far more detailed than that of the government agent and should be given more weight. *See* Ex. 7.

54. The consular officer misinterpreted what it means to have a "reasonable belief."

## PRAYER FOR RELIEF

WHEREFORE, and in light of the foregoing, Plaintiffs pray the Court:

A. Assume jurisdiction over this matter;

B. Grant Plaintiff's request for a Writ of Mandamus;

C. Compel Defendants to perform their duty or duties to review the denial of the immigrant visa by applying proper Due Process principals by allowing Plaintiff to examine evidence against his wife, cross examine the reporting border patrol officer, and offer rebuttal evidence. Any rebuttal evidence offered by Plaintiff should be afforded the proper weight against the Border Patrol Document.

D. Award Plaintiff attorney's fees and court costs pursuant to 28 U.S.C § 2412 and any other applicable statutory, common law, or Constitutional provision; and

E. Grant Plaintiff any other relief that this Court deems just and proper at law and in equity.

Respectfully Submitted,

_____"s/" Christopher Carlston_____

Christopher R. Carlston (TX 24087263)
MCGREGOR & OBLAD, PLLC
3010 LBJ Fwy Suite 200
Dallas, Texas 75234
Tel: (214) 720-9555
Fax: (214)-572-9338
Email: ccarlston@mcgregorfirm.com

*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2018, the foregoing Complaint for Declaratory and Injunctive Relief was filed electronically. Parties may access this filing through the Court's system.

I further certify that a summons and Complaint were served upon each of the parties listed below:

    Erin Nealy Cox, Esq.
    United States Attorney
    United States Department of Justice
    1100 Commerce St. Third Floor,
    Dallas, Texas 75242-1699
    *Via certified mail, return receipt requested*

    Honorable Mike Pompeo,
    Secretary of the United States Department of State
    2201 C. St., NW
    Washington, D.C. 20520
    *Via certified mail, return receipt requested*

    Honorable VACANT,
    US Ambassador to Mexico
    Paseo de la Reforma 305
    Colonia Cuauhtémoc
    06500 Ciudad de México
    *Via certified mail, return receipt requested*

    Daria Darnell,
    US Consul General Ciudad Juarez, Chihuahua, Mexico,
    Paseo de la Victoria 3650, Col. Fraccionamiento Partido Senecú,
    32543 Cd Juárez, Chih., MX
    *Via certified mail, return receipt requested*

      "s/"Christopher Carlston
    Christopher R. Carlston ( TX 24087263)
    MCGREGOR & OBLAD, PLLC
    *Attorney for Plaintiff*